[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In his revised complaint dated May 2, 1997, the plaintiff, Geno Meceli, alleges that four to six unknown individuals assaulted him in the parking lot located on 2 Selleck Street, Lot "B", Stamford, and that he sustained serious injuries from the attack. The property is owned by the defendants, Alex L. Goldblum, Murray Goldblum and Irving S. Goldblum. The plaintiff was an employee of Petro, Inc. which was located on the premises.
The plaintiff further alleges that the defendants' negligence regarding inadequate lightening and fencing resulted in the premises being in a dangerous and defective condition thereby causing the attack. The defendants move (#136) for summary judgment on the grounds that no genuine issues of material fact exist as to the following: (1) the defendants did not have notice of the alleged defective condition; (2) the defendants' conduct was not the proximate cause of the plaintiff's injuries; and (3) the defendants did not possess or control the CT Page 13689 premises.
Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See also Witt v. St. Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753
(2000).
The court denies the motion for summary judgment on the ground that a genuine issue of material fact exists as to whether the defendants knew or should have known of the alleged defective and dangerous conditions on the premises concerning the likelihood of criminal activity. "[L]iability of a landlord for damages resulting from a defective condition in an area over which the landlord exercises control generally depends upon proof that the landlord received either actual or constructive notice of the condition prior to the time of the plaintiff's injuries." Gore v.Peoples's Savings Bank, 235 Conn. 360, 373, 665 A.2d 1341 (1995). "A possessor of land is charged with constructive notice of a dangerous condition when . . . a reasonable inspection would have disclosed the risk. . . . Constructive notice is premised on the policy determination that under certain circumstances a person should be treated as if he had actual knowledge. . . ." (Emphasis in original.) Hall v. Burns,213 Conn. 446, 479, 569 A.2d 10 (1990). Here, the plaintiff's affidavit raises a genuine issue of material fact concerning whether the defendants had constructive notice of criminal activity occurring on the premises. Specifically, the plaintiff's affidavit states that in the past, police officers had been present on the premises to investigate crimes, that he had read newspaper accounts of crimes occurring on the premises, and that other persons had complained of crimes on the premises. Moreover, the lease states the "tenant shall have the right to park in the common parking area", thereby raising a genuine issue of material fact as to whether the defendants retained control of the parking area.
The court further denies the motion for summary judgment on the ground that a genuine issue of material fact exists as to whether the defendants' conduct was the proximate cause of the plaintiff's injuries. "Where the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct." Stewart v. FederatedDept. Stores, Inc., 234 Conn. 597, 607-08, 662 A.2d 753 (1989). Here, the plaintiff's affidavit states the premises had inadequate lightning and fencing. inadequate lightning and fencing could create a foreseeable risk CT Page 13690 of a criminal attack. Consequently, a genuine issue of material fact exists as to whether inadequate lightning and fencing were the proximate cause of the plaintiff's injuries.
Based on the foregoing, the court denies the defendants' motion for summary judgment because genuine issues of material fact exist.
So Ordered.
Dated at Stamford, Connecticut this 9th day of November, 2000.
WILLIAM B. LEWIS, JUDGE T.R.